Page 1

1   UNITED STATES BANKRUPTCY COURT

2   DISTRICT OF DELAWARE

3   Lead Case No. 07-11079(KJC);

4   (Adversary Case Captions and Nos.

5   Attached as Exhibits A and B)

6   - - - - - - - - - - - - - - - - - - - -x

7   In the Matter of:

8   HOMEBANC MORTGAGE CORPORATION, et al.,

9              Debtors.

10  - - - - - - - - - - - - - - - - - - - -x

11  GEORGE L. MILLER, CHAPTER 7 TRUSTEE OF HOMEBANC MORTGAGE

12  CORPORATION, et al.,

13              Plaintiff,

14  v.

15  DEFENDANTS ON ATTACHED EXHIBITS A AND B

16              Defendants.

17   - - - - - - - - - - - - - - - - - - - -x

18              United States Bankruptcy Court

19              824 North Market Street

20              Wilmington, Delaware

21

22              April 19, 2010

23              4:43 PM

24

25

```
 1   B E F O R E:

 2   HON. KEVIN J. CAREY

 3   CHIEF U.S. BANKRUPTCY JUDGE

 4   ECR OPERATOR:  AL LUGANO

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 3

1

2     Status Conference regarding all Adversary Proceedings listed

3     on attached Exhibit A.

4

5     Second Interim Application of Miller Coffey Tate LLP for

6     Compensation and for Reimbursement of Expenses as Accountants

7     to the Trustee for the Period from October 1, 2009 through

8     December 31, 2009 [Docket No. 2130, Filed 4/2/10].

9

10    Third Interim Fee Application of Edwards Angell Palmer & Dodge

11    LLP for Allowance of Compensation and for Reimbursement of

12    Expenses as Counsel to the Chapter 7 Trustee, George L.

13    Miller, for the Period from November 17, 2009 through March

14    31, 2010 [Docket No. 2131, Filed 4/2/10].

15

16

17

18

19

20

21

22

23

24

25    Transcribed By:  Miriam Greenman

1

2   A P P E A R A N C E S :

3

4   EDWARDS ANGELL PALMER & DODGE LLP

5        Attorneys for the Trustee, George L. Miller

6

7   BY:   R. CRAIG MARTIN, ESQ.

8        ALEINE PORTERFIELD, ESQ.

9

10  FLASTER/GREENBERG LLP

11       Attorneys for the Trustee, George L. Miller

12

13  BY:   WILLIAM BURNETT, ESQ.

14

15  BALLARD SPAHR ANDREWS & INGERSOLL LLP

16       Attorneys for Smart Numbers, LLC

17

18  BY:   DAVID MAY, ESQ.

19

20  BAYARD P.A.

21       Attorneys for Shops at East View

22

23  BY:   JAMIE L. EDMONSON, ESQ.

24

25

```
 1

 2   ASHBY & GEDDES, P.A.

 3        Attorneys for Bloomberg LP and David Welch Services

 4

 5   BY:   BENJAMIN KEENAN, ESQ.

 6

 7   CAMPBELL & LEVINE, LLC

 8        Attorneys for Performance Most and CitiBank

 9

10   BY:   MARK T. HURFORD, ESQ.

11

12   POTTER ANDERSON & CORROON, LLP

13        Attorneys for CIT Technology

14

15   BY:   KRISTI SCHUBERT, ESQ.

16

17   MARGOLIS EDELSTEIN

18        Attorneys for Global Knowledge Software and US

19          Express Leasing Inc.

20

21   BY:   AMY BROWN, ESQ.

22

23

24

25
```

1

2    ELLIOT GREENLEAF

3          Attorneys for Olympus Capital Holdings Asia LP

4

5    BY:   ANDREW G. MIRISIS, ESQ.

6

7    WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

8          Attorneys for Metro Atlanta Chamber of Commerce,

9             Innovative Architects and CBCInnovis

10

11   BY:   KEVIN MANGAN, ESQ.

12

13   WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

14          Attorneys for Patrick Flood, et al.

15

16   BY:   MIKE BUSENKELL, ESQ.

17

18   MORRIS TAMET LLP

19          Attorneys for Belvedere Capital LLC & Monster, Inc.

20

21   BY:   CARL N. KUNZ II, ESQ.

22

23

24

25

1

2    BIFFERATO GENTILOTTI

3         Attorneys for Blue Cross Blue Shield of Georgia

4

5    BY:   GARVAN MCDANIEL, ESQ.

6

7    LANDIS RATH & COBB, LLP

8         Attorneys for Glenworth Mortgage Insurance

9

10   BY:   JAMES S. GREEN JR., ESQ.

11

12   WERB & SULLIVAN

13        Attorneys for Alston & Bird, LLP, et al.

14

15   BY:   DUANE D. WERB, ESQ.

16

17   PICKNEY HARRIS & WEIDINGER

18        Attorneys for Americas Servicing Co.

19

20   BY:   ADAM HILLER, ESQ.

21

22   SMITH KATZENSTEIN & FURLOW, LLP

23        Attorneys for D. Aiken, Wells Fargo and J. Stripling

24

25   BY:   KATHY MILLER, ESQ.

Page 8

```
 1

 2   TYBOUT REDFEARN & PELL

 3         Attorneys for Brayson Family Mortgage LLC and Mill

 4           Creek Forest Partners

 5

 6   BY:   SHERRY R. FALLON, ESQ.

 7

 8   KLEHR, HARRISON, HARVEY & BRANZBURG LLP

 9         Attorneys for N.J. Paul Lopez

10

11   BY:   SALLY E. VEGHTE, ESQ.

12

13   MCCARTER & ENGLISH

14         Attorneys for ADP Inc.

15

16   BY:   KATE BUCK, ESQ.

17

18   MARK O'NEILL O'BRIEN & COURTNEY P.C.

19         Attorneys for Ballantyne Market

20

21   BY:   MIKE DUGGAN, ESQ.

22

23

24

25
```

```
 1

 2   ATTORNEY GENERAL'S OFFICE - STATE OF

 3         Attorneys for State Home Mortgage

 4

 5   BY:   WRIGHT BANKS, ESQ.

 6         (TELEPHONICALLY)

 7

 8   ROBERT L. BARNES JR. P.L.

 9         Attorney for Knox Sports Marketing

10

11   BY:   ROBERT L. BARNES JR., ESQ.

12         (TELEPHONICALLY)

13

14   MASON BAHR, LLP

15         Attorneys for Keller Williams, et al.

16

17   BY:   WILLIAM D. CARTER, ESQ.

18         (TELEPHONICALLY)

19

20   ALSTON & BIRD, LLP

21         Attorneys for Alston & Bird, LLP

22

23   BY:   DENNIS CONNOLLY, ESQ.

24         (TELEPHONICALLY)

25
```

1

2   DAY PITNEY, LLP

3        Attorneys for Global Knowledge Software

4

5   BY:   AMISH DOSHI, ESQ.

6        (TELEPHONICALLY)

7

8   KEVIN GLEASON P.A.

9        Attorney for Bradford King

10

11   BY:   KEVIN C. GLEASON, ESQ.

12        (TELEPHONICALLY)

13

14   BRYAN CAVE LLP

15        Attorneys for Countrywide Home Loans

16

17   BY:   MICHELLE MCMAHON, ESQ.

18        (TELEPHONICALLY)

19

20   KLEHR, HARRISON, HARVEY & BRANZBURG

21        Attorneys for N.J. Paul Lopez

22

23   BY:   PAUL NOFER, ESQ.

24        (TELEPHONICALLY)

25

1

2  KILPATRICK & STOCKTON

3       Attorneys for Staybridge Suites

4

5  BY:   SHANE RAMSEY, ESQ.

6       (TELEPHONICALLY)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  P R O C E E D I N G S

 2          THE CLERK: You may be seated.

 3          MR. MARTIN:  Good afternoon, Your Honor.  I

 4   understand you've had a bit of a full day, so I thought we'd

 5   get right to it.

 6          THE COURT:  Why should today be different from any

 7   other?

 8          MR. MARTIN:  Well, we certainly appreciate --

 9          THE COURT:  Don't mean to ask the Passover question,

10   but, I get that feeling sometimes.

11          MR. MARTIN:  Your Honor, this is the HomeBanc

12   Mortgage Corporation case, 07-11079.  Craig Martin from

13   Edwards Angell Palmer Dodge appearing on behalf of George L.

14   Miller, trustee.  Also have at counsel table, Mr. William

15   Burnett, who is special counsel and is working on several of

16   the adversary proceedings.  And I have one of my colleagues,

17   Ms. Aleine Porterfield, who's assisting in a lot of the

18   preferences actions.

19          Judge, you have I think taken care of item number 1

20   on the agenda.  Item number 2 on the agenda I understand was

21   entered shortly before 4 o'clock, Mr. Burnett tells me.

22          THE COURT:  I don't think I've entered the order on

23   number 1 yet.  And I think -- well, maybe I have.

24          Yes I have. Okay.

25          MR. MARTIN:  Okay.  Wonderful.
```

1              THE COURT:  Now --

2              MR. MARTIN:  That's what I thought.  Item number

3      3 --

4              THE COURT:  -- let me ask you about that.

5              MR. MARTIN:  Yes.

6              THE COURT:  Because the order -- the form of order

7      didn't have the magic language that your client usually

8      requires.

9              MR. MARTIN:  Okay.

10             THE COURT:  But I signed it anyway.

11             MR. MARTIN:  All right.

12             THE COURT:  I'm not going to see a certification with

13     an amended order come in, am I?

14             MR. MARTIN:  I don't think so.  I'll confer with my

15     colleague that I asked to read all of these to make sure they

16     had that language and understand why that wasn't done on this

17     instance.

18             THE COURT:  Maybe I missed it, but that's what my

19     recollection tells me.

20             MR. MARTIN:  We've been doing our best to double-

21     check all of them, Your Honor.

22             THE COURT:  Okay.

23             MR. MARTIN:  And I appreciate you doing the same.

24             THE COURT:  No, I'm there for you.  Just --

25             MR. MARTIN:  Well, I know Mr. Miller appreciates it.

HOMEBANC MORTGAGE CORPORATION, et al.

Page 14

1        Item number 3 is our motion to establish procedures

2    for settlement, and I think you've entered the order on that

3    as well?

4        THE COURT:  I have.

5        MR. MARTIN:  And we're grateful for that.  Hopefully

6    that will help streamline some of these adversaries, which is

7    item number 4.  And I thought what I would do is I would

8    provide the Court with a brief status on where we are on the

9    adversary proceedings that have been filed in this Chapter 7

10   case.

11       And then we have a form of scheduling order that we

12   would like to present.  And fortunately, since Your Honor has

13   a form on his web page, we only have a few people that need to

14   be heard today.

15       THE COURT:  Okay.

16       MR. MARTIN:  And a few items that I need -- I

17   promised counsel I would raise for Your Honor's consideration.

18       THE COURT:  Very well.

19       MR. MARTIN:  Your Honor, we filed a total of about

20   four hundred cases seeking to recover preferences in

21   fraudulent transfers.  Our firm filed 325; Mr. Burnett's firm

22   filed about 60.  Of the 325 that our firm filed, we have as of

23   yet not heard from about 106 of them.  We've had fifty-three

24   defendants file answers.  We have granted 126 extensions of

25   the answer date and we've been submitting stipulations to Your

HOMEBANC MORTGAGE CORPORATION, et al.

Page 15

1   Honor on those.

2        We have had thirty-eight returned as undeliverable,

3   so we're looking into perhaps re-serving those.  And we have

4   two defendants who have informed us that the complaint was

5   sent to them in error.

6        Added up that is 325.  Between the time that we filed

7   the cases and today, Your Honor, we have been very busy

8   working with defendants and we have reached agreements

9   settling almost fifty cases, thirty-two of which are going to

10  be dismissed and seventeen of which we've reached settlement

11  agreements with parties.  And now that Your Honor's entered

12  the settlement procedures order, we'll notice out those

13  settlements in accordance with that.

14       So that leaves us where we are today, Your Honor,

15  which is hoping to get a scheduling order put in place so that

16  we can continue to move forward and prosecute these claims.

17  We did attach -- I don't know if Your Honor got the amended

18  agenda we sent --

19       THE COURT:  I have it.

20       MR. MARTIN:  -- which has attached to it the

21  scheduling order.  I thought what I would do is just kind of

22  walk it through paragraph by paragraph.  I know Your Honor is

23  very familiar with this since we based it on your form.

24       So the first paragraph is the one that talks about

25  answers and responsive pleadings.  One party did indicate that

Case 10-50543-KJC    Doc 14    Filed 11/18/10    Page 16 of 67
HOMEBANC MORTGAGE CORPORATION, et al.

Page 16

1  they wanted it clarified that a responsive pleading did not

2  include briefs and other replies, and we assured them that our

3  intent there was answers or other motions that would be filed

4  in response to your complaint.

5          THE COURT:  That's correct.

6          MR. MARTIN:  The second paragraph deals with the

7  26(f) conference.  We received a document from counsel to ADP,

8  Inc.  And they have indicated that in their experiences in

9  cases such as this, that 26(f) conferences oftentimes are not

10 very useful or sensible, and they have suggested that that

11 paragraph be removed.  We're not opposed to that.  However,

12 since this is Your Honor's form, we didn't want to just

13 blanketly agree to it.

14          So I'm flexible either way on that.  If Your Honor

15 wants us to be meeting and discussing discovery issues,

16 certainly we can leave that in.  But many of these cases are

17 smaller cases, and the 26(f) conference is another point where

18 they have to pay for counsel.  So I'll defer to you on that

19 one.

20          THE COURT:  I confess, I've never been asked to take

21 that out.  And frankly, I'm not inclined to.

22          MR. MARTIN:  Okay.  Thank you, Your Honor.  We'll

23 leave it in.

24          The third item is just the deadline for filing

25 additional disclosures, and we've provided, as you typically

Case 10-50543-KJC   Doc 14   Filed 11/18/10   Page 17 of 67
HOMEBANC MORTGAGE CORPORATION, et al.

Page 17

1    prefer, that any extension of deadline be approved by Your

2    Honor.

3              The fourth paragraph sets a date for fact discovery.

4    Your Honor, we'd -- I picked a date -- I modified the order

5    slightly from what's on your web page.  Instead of saying 90

6    days from the date an answer is filed, or 120 days from the

7    date an answer is filed, I picked a hard date.  And the reason

8    I did that is because our preference would be to enter the

9    same scheduling order and the var -- all of the various

10   adversaries, so that the estate could administer them in an

11   efficient fashion.

12             THE COURT:  I'm perfectly fine with that.

13             MR. MARTIN:  Okay.  And then we've set that September

14   17th date, which is a little bit longer than what Your Honor

15   usually has in his form of order.  A few defendants have

16   questioned whether that's long enough.  The trustee is

17   satisfied with it.  But certainly, if Your Honor thinks that

18   with this number of cases we need another month or two, we

19   could obviously move some of these dates back a month.

20             THE COURT:  Well, do some of the defendants have

21   views on that, and would they like to be heard now on that?

22             MR. MARTIN:  Certainly I can turn around and look at

23   the room and see -- I think there were two or three people

24   that commented on that.

25             MR. HURFORD:  Good afternoon, Your Honor.  Mark

1    Hurford, Campbell & Levine, on behalf of Citibank.

2        I have some comments that are frankly more general in

3    scope that relate more to the status of things, mainly against

4    Citibank, and the entry of the scheduling order in general.

5    If Your Honor would like to hear me now on that, I certainly

6    can move forward.  Or I could respond on the -- you know, I

7    don't have per se a specific issue with the discovery deadline

8    that Mr. --

9        THE COURT:  Talk to me.

10       MR. HURFORD:  Okay.  Your Honor, there were, shortly

11   before the statute ran, several complaints filed against

12   Citibank entities.  And I use that term very loosely.

13       The complaints allege transfers as the filing

14   complaint upwards nine million dollars.  One of the complaints

15   was filed against Citibank Lockbox.  I would think it's not a

16   big surprise to anyone that Citibank Lockbox is not an entity.

17   That's not the only one that has this issue.

18       The complaint goes through, and I'm not sure if Your

19   Honor's had a chance to read the complaints, but it goes

20   through and it has a -- the first count is a

21   preferential --

22       THE COURT:  Well, if I've had the chance, I've let

23   that moment pass without taking advantage of it.  I confess.

24       MR. HURFORD:  Understood.

25       THE COURT:  Okay.

HOMEBANC MORTGAGE CORPORATION, et al.

1        MR. HURFORD:  The first count's a basic preferential

2  transfer count.  The next count is a fraudulent conveyance

3  count.  Next count is a post-petition transfer count.  The

4  next one is a void of the transfers -- certainly

5  understandable.  And then there's an impermissible setoff

6  count.

7        The problem with these, for example, the post-

8  petition transfer count.  Or the recovery of impermissible

9  setoff count.  Well, it begins with an allegation like 'to the

10  extent that the defendant has offset a mutual debt.'  Post-

11  petition transfer, 'to the extent that you receive money post-

12  petition for a pre-petition debt.'

13        Citibank's issue is there's five complaints filed

14  against it, alleging upwards of nine million dollars.  We

15  don't think that these counts really are meant to be anything.

16  It's our understanding that there was some sort of time

17  pressure, not sure I completely understand why.  But there was

18  some sort of a time pressure to get these on file and --

19        THE COURT:  Could be a statute of limitations

20  pressure.

21        MR. HURFORD:  Quite possibly.

22        THE COURT:  Which tends to be important, I think.

23        MR. HURFORD:  Yes.  And we understand that.  But the

24  problem is, and my co-counsel reached out shortly after

25  receiving these, and to -- counsel, to Mr. Miller, and said

1    hey, can we understand where these are coming from?  Can you

2    give us some more information?

3           You know, for an entity like Citibank, the exhibit A

4    has a payment date and an amount paid, and whether it was a

5    check or a wire.

6           THE COURT:  Counsel, I have to slow you down a little

7    bit and ask you what this has to do with scheduling?

8           MR. HURFORD:  The problem is, is that we enter into a

9    scheduling order, and we have a May 28th date for a discovery

10   planning conference that Your Honor would like to go forward

11   with.  It's very tough to have a discovery planning conference

12   to talk about narrowing discovery, scope of discovery when we

13   don't even understand who they mean to sue, for how much?

14   What are the complaints?

15          Same thing with initial disclosures.

16          THE COURT:  Well, you have to separate two things.

17   At least from the Court's standpoint, it seems to me, that

18   it's not uncommon that in these mass preference filings, that

19   the -- either the liquidation trustee or the Chapter 7 trustee

20   is somewhat at a disadvantage with respect to identifying

21   correctly every defendant.

22          What I like to see happen, what I would prefer to see

23   happen, is that the parties confer and try to make some

24   agreement on who the right defendant is.  And oftentimes, I

25   find that defendants don't really like to cooperate in that

Case 10-50543-KJC   Doc 14   Filed 11/18/10   Page 21 of 67
HOMEBANC MORTGAGE CORPORATION, et al.

Page 21

1    exercise, by helping the plaintiff target the right defendant.

2           I'm not saying that's happening here.  To the extent

3    those issues can't be worked out between the parties, you'll

4    just have to engage in a motion practice.  I know it's not

5    preferred.  It takes up your time and expense and your

6    client's time and expense, and frankly it takes up my time

7    too.

8           I don't know how else to address that part of the

9    issue.  Now with respect to, you know, counts and complaints

10   that have no merit, I mean, that's a motion practice.

11          MR. HURFORD:  Understood, Your Honor.  And to be

12   frank, we asked to be carved out of the proposed order.

13   Counsel said no, we'd rather have you included.  My real goal,

14   frankly, Your Honor, was to have this discussion put you -- at

15   least let you know of these concerns.  I know Your Honor

16   prefers that people have a scheduling order and to go work,

17   and if for some reason something doesn't work, file a motion

18   or ask for extra time.

19          THE COURT:  You've been --

20          MR. HURFORD:  We reserve our rights --

21          THE COURT:  -- well informed.  You've been well

22   informed.

23          MR. HURFORD:  -- to do that.  Thank you, Your Honor.

24          THE COURT:  Okay.

25          MR. BURNETT:  Your Honor, just briefly.  William

1   Burnett, Flaster Greenberg, on behalf of George Miller.

2   That's one of my conflict cases.

3           I don't have anything to add, I just wanted to

4   respond that that's actually a case that we're handling, and I

5   understand that Your Honor's ruling with respect to that.

6           THE COURT:  I didn't -- I didn't make a ruling.

7           MR. BURNETT:  I understood your comment.  Maybe I

8   misinterpreted.  But our feeling, Your Honor, is that sort of

9   as a matter of process we didn't want to let -- to carve out

10  individual defendants.  We wanted to have one global

11  scheduling order and if there were issues that arose, we could

12  certainly engage in motion practice.  We could file a motion

13  for extension if we were unwilling to do that, but we hope to

14  move forward expeditiously, and to work with them

15  consensually, so that there's not a problem.

16          THE COURT:  Look, I understand that -- and I have

17  experience in this, Mr. Miller is in an aggressive litigant.

18  And that's, I guess, what the U.S. Trustee likes in her

19  Chapter 7 trustees.  But I would expect that within reason the

20  plaintiff here cooperate in, you know, straightening out

21  problems like the one that Citibank has identified here.  It

22  seems to me that that -- at least with respect to, you know,

23  naming a Lockbox as a defendant --

24          MR. BURNETT:  Understood, Your Honor.

25          THE COURT:  -- You know, we could straighten that

Case 10-50543-KJC Doc 14 Filed 11/18/10 Page 23 of 67
HOMEBANC MORTGAGE CORPORATION, et al.

Page 23

1    out.

2              MR. BURNETT:  Sure.

3              THE COURT:  Without Court intervention.

4         Okay.  Thank you.

5              MR. BURNETT:  Thank you, Your Honor.

6              MR. MARTIN:  Okay, Your Honor.  Just moving along

7    through the order, paragraph 5 that we proposed is a paragraph

8    that's not in your form of order, that we've added and which

9    seeks to incorporate the principles and rules of 26(b)(5)(b)

10   and 26(f)(3)(d), specifically related in inadvertent

11   disclosure.

12             We've not made this one sided.  It would apply to

13   both parties in the litigation.  If one of us produces to the

14   other something inadvertently, we would have the ability to

15   call that back.  And then if there was a dispute on whether it

16   should be produced, then we could talk about that further or

17   bring it under motion practice.  And that's what paragraph 5

18   deals with.

19             THE COURT:  Any -- did you get any comments from any

20   of the defendants on this?

21             MR. MARTIN:  We have not had any comments.

22             THE COURT:  You know, that's an interesting addition.

23   And maybe that's one I should make to the form that's on the

24   website.  I haven't really -- I guess that my focus had been

25   more on the new rule of evidence as opposed to working it into

Page 24

1    this order.  But it's probably not a bad idea.

2         MR. MARTIN:  Thank you, Your Honor.

3         So paragraph 6 is a paragraph that we've taken from

4    your schedule.  It deals with the expert reports.  It provides

5    that the party bearing the burden of proof would produce the

6    expert report first, and then any responding party must reply

7    within fifteen days.

8         We have a little bit longer time for the solvency

9    issue.  Our thinking there was that the trustee may be dealing

10   with more than one expert, so we may just need the additional

11   time to respond to multiple expert reports.  We don't know how

12   this is going to play out.

13        So that's why we proposed the end of the year for the

14   trustee's solvency reports.

15        THE COURT:  And that's fine.  Just let me make a

16   comment based upon a recent experience I had in a case in

17   which there were multiple preference claims, multiple

18   defendants and a battle of the timely identification of

19   experts, and the difference between Rule 701 and Rule 702

20   experts.

21        And it just comes down to this.  To the extent that

22   the parties wish to -- for whatever reason, whether there are

23   settlement discussions going on, or some other reason, go

24   beyond these dates, you should memorialize those agreements

25   and submit them to the Court for approval.  Not that you

HOMEBANC MORTGAGE CORPORATION, et al.

Page 25

1   wouldn't do that anyway, but I've just run into problems when

2   the parties didn't do that.

3          I'm not criticizing anybody, I'm just saying that,

4   especially, you know, in cases like these where there's some

5   risk of confusion, let's put it that way, with respect to the

6   order in which these things are going to go.

7          MR. MARTIN:  Thank you for that, Your Honor.  And in

8   fact, you've anticipated what we have in paragraph 13, which

9   is a provision that states that all of the deadlines in the

10  scheduling order may be extended only by the Court and only

11  upon written motion for good cause shown.

12         But we have gotten some comments from some defendants

13  on that.  The question is often phrased as does this apply to

14  "internal deadlines" and the way I interpret that is if I

15  serve interrogatories on someone, they have an obligation to

16  respond within thirty days.  If I give them an extra thirty

17  days, I would presume I need not seek leave of the Court for

18  that.  But that if we sought to extend, for example, the

19  September 17th end of fact discovery deadline, that's the date

20  that we would need to come before the Court on.

21         THE COURT:  And I think that's the right way to read

22  it.  Although I -- don't I say that you can extend by

23  stipulations so long as the Court approves it?

24         MR. MARTIN:  Your Honor, I took paragraph 13 off the

25  form on the web page.

Case 10-50543-KJC   Doc 14   Filed 11/18/10   Page 26 of 67
HOMEBANC MORTGAGE CORPORATION, et al.

Page 26

1        THE COURT:  Yeah.

2        MR. MARTIN:  And it says that they may only be

3    extended by the Court and only upon written motion for good

4    cause shown.  But we --

5        THE COURT:  I've got to go back and update my order.

6    But I will tell you, I routinely approve by stipulation

7    agreements of the parties.  And the way I work that is that if

8    I see too many stipulations coming in, or I have a question,

9    I'll set it for a hearing.  But it seems to me, most of the

10   time if the parties agree, I will make an effort to

11   accommodate them.

12       MR. MARTIN:  Okay.  Well, would it be acceptable to

13   the Court then if I added in or by stipulation after -- upon

14   written motion in that paragraph 13?

15       THE COURT:  Yes.  So long as it's pro -- as I said,

16   presented to the Court for approval.

17       MR. MARTIN:  All right.  I think that's the way that

18   will read with that change.

19       THE COURT:  Okay.

20       MR. MARTIN:  Your Honor, paragraph 7 is the reference

21   to the mediator and Judge Walrath's April 7th order.

22       8 is a deadline for the mediation report, which is

23   sixty days after the order --that's the standard time frame.

24       And then we got a comment on paragraph 9, Your Honor,

25   which is that there was some concern from counsel for a

1   gentleman named Mr. Aiken that the dispositive motion deadline

2   should be after the mediation report is due.  I think that's

3   sensible, and so we could change that October 1st, 2010

4   dispositive motion deadline to, I think, November 30th, would

5   get us clear of the mediation deadline and of the Thanksgiving

6   holiday.

7           THE COURT:  Okay.

8           MR. MARTIN:  And then with that, Your Honor, the

9   deadline in paragraph 11 for when you wanted to start setting

10  these for trial.  It may be more appropriate to bump that

11  another month to be in --

12          THE COURT:  Never.

13          MR. MARTIN:  February.  What's that?

14          THE COURT:  Never.

15          MR. MARTIN:  Never.  Well, all kidding aside, Your

16  Honor, as I mentioned we have already resolved almost fifty of

17  the 325 that we've filed.

18          We have several lawyers in our firm that are taking

19  calls from defendants.  We welcome a settlement, but which is,

20  we've been having weekly meetings and presenting those to Mr.

21  Miller.  And we've been resolving many, many cases.

22          Everybody in this room is smart enough to know the

23  value when they see it, and we don't want to unnecessarily

24  cause parties to spend money if it's not appropriate.

25          So that's the scheduling order.  Those are all the

HOMEBANC MORTGAGE CORPORATION, et al.

Page 28

1    comments that I had.

2         One last comment, Your Honor, is that Mr. Hiller

3    (ph.) reached an agreement with Mr. Burnett.  It's not one of

4    my cases.  But he reached an agreement on an answer extension,

5    and if Your Honor may recall, we previously had asked Your

6    Honor if you actually wanted us to file stipulations, and you

7    indicated that you did.  And we started doing that.

8         But there are some defendants who have gone ahead and

9    answered before we could get the stipulation on file.  And the

10   question was, do you want retroactive extensions, or once the

11   answer is on file, or the notice of dismissal, we're okay?

12        THE COURT:  That's fine.

13        MR. MARTIN:  Okay.

14        Your Honor, I think that leaves Mr. Burnett's cases

15   and Mr. Werb, who represents Alston & Bird.

16        MR. WERB:  Good afternoon, Your Honor.  It's still

17   afternoon.  Duane Werb of Werb & Sullivan, on behalf of the

18   law firm of Alston & Bird, LLP.

19        Your Honor, with respect to this case, there are

20   allegations of fraudulent transfers as well as preferential

21   payments.  We have taken the initiative here of having filed a

22   motion to dismiss.  In addition to the motion to dismiss, the

23   trustee has filed an opposition to said motion, and we have

24   also just recently filed our reply brief.

25        We're in the process of probably tomorrow filing a

```
 1    certificate of completion of briefing, in which we will be

 2    requesting oral argument.  I have reached out to Mr. Burnett

 3    and he can confer -- concurs and has no opposition to the

 4    request for oral argument.  And at this time, based on these

 5    representations to the Court, we would request that this

 6    particular case be carved out of the proposed scheduling

 7    order.

 8            THE COURT:  See -- is that a joint request?

 9            MR. BURNETT:  Your Honor, William Burnett, Flaster

10    Greenberg.  I responded in the sense that we didn't want to

11    make explicit exceptions to individual defendants, so I said

12    no with deference to what Your Honor believes is the

13    appropriate thing to do under the circumstance.

14            My concern was a process concern rather than a

15    specific concern with respect to Alston & Bird.

16            THE COURT:  When will the notice of completion of

17    briefing come in?  Remind me.

18            MR. WERB:  It will be filed tomorrow.

19            THE COURT:  Tomorrow?  Okay.

20            MR. WERB:  At the latest Wednesday, Your Honor.

21    But --

22            THE COURT:  Okay.  You can carve it out.

23            MR. BURNETT:  Thank you, Your Honor.  We'll be glad

24    to do that.

25            THE COURT:  All right.
```

Page 30

1          MR. WERB:  Thank you.

2          MR. MARTIN:  So, Your Honor, with that would you like

3    for me to make those few changes on the scheduling order and

4    submit one under certification of counsel?

5          THE COURT:  Yes, subject to just letting me ask for

6    the record whether any defendant wishes to be heard at this

7    point?

8          Okay, I hear no response.

9          The answer is yes.

10          MR. MARTIN:  Okay.  We'll do that and submit it on

11    the main docket, and then once Your Honor signs one, well I

12    guess, do you want 360, or are you comfortable signing one

13    that has these schedules attached to them, and us entering

14    them in each of the cases?

15          THE COURT:  Take a wild guess.

16          MR. MARTIN:  I would think that Your Honor would want

17    one, but --

18          THE COURT:  You would be right.

19          MR. MARTIN:  All right.  We'll do it that way, then.

20          THE COURT:  Okay.  Thank you.

21          MR. MARTIN:  Your Honor, I think that brings to

22    conclusion the status conference.  And that leaves the final

23    item on the agenda.

24          Your Honor has entered the order for the Miller

25    Coffey Tate firm's fee application.  And Your Honor did not

1   enter an order on my law firm's application, which leads me to

2   believe that you may have a question.

3         THE COURT:  I did.  You had --

4         MR. MARTIN:  So I am here to answer that.

5         THE COURT:  I'm delighted to know that.  If you would

6   turn to the -- there's no page number, but it's -- it's the

7   second page in the disbursement section.

8         MR. MARTIN:  So this is one of the exhibits?

9         THE COURT:  Yeah.  The top entry on which is for

10  December 14, '09.  It's at the top of the page, $5.50 delivery

11  service.  It's not what I have a question about, but it's to

12  help you get to the page.

13        MR. MARTIN:  Okay.

14        THE COURT:  It's almost at the --

15        MR. MARTIN:  $5.50 on 12/14?

16        THE COURT:  Yes.

17        MR. MARTIN:  Yes, I see that, Your Honor.

18        THE COURT:  Okay.  Now, I note that on the 17th of

19  February of this year, and the next day there was what I would

20  consider to be a lot of secretarial overtime.

21        MR. MARTIN:  Yes.

22        THE COURT:  What was going on there?

23        MR. MARTIN:  That was the week that we were filing

24  the complaints.  So what we did is we had set up a -- as

25  you'll note that it says secretarial overtime - Boston.  I --

Page 32

1    actually, my firms document production center is in Boston.

2    So we set up a conference room and we had three or four

3    different paralegals and secretaries, the clerk's office was

4    kind enough to give us temporary passwords, and they sat, I

5    think twelve, thirteen, fourteen hours a day e-filing the

6    various complaints and making revisions and the like.

7           So I know that typically secretarial overtime is not

8    something that would be included, but in this instance, after

9    discussions with Mr. Miller, we decided to submit it.  But

10   obviously we defer to Your Honor on the appropriateness of

11   that.

12          THE COURT:  I'm satisfied with the explanation, I've

13   signed the order.

14          MR. MARTIN:  Thank you.

15          THE COURT:  Is there anything further for today?

16          MR. MARTIN:  Not for us on this case.  I can't speak

17   for Your Honor's schedule.

18          THE COURT:  All right.  Thank you very much.  That

19   concludes this hearing and the Court will stand in recess to

20   permit the parties in Pacific Energy to set up again.

21          MR. MARTIN:  Thank you, sir.

22          (Proceedings concluded at 5:09 PM)

23

24

25

Exhibit A

1

2     DEFENDANT NAME              ADVERSARY PROCEEDING NUMBER

3

4     28th Row Loft & Flats                    10-50559

5

6     6 Marathons LLC d/b/a

7        Rosemurgy Properties                  10-50699

8

9     A & V Appraisals Inc                     10-50473

10

11    Access Real Estate Loan Services         10-50530

12

13    ACSYS Inc.                               10-50477

14

15    ADP Inc.                                 10-50480

16

17    Aflac                                    10-50310

18

19    Akil Woolfolk                            10-50485

20

21    AKRB Corporation                         10-50303

22

23    Aldana Gentinetta                        10-50313

24

25    Allregs                                  10-50487

Exhibit A

Page 34

1

2    American Escrow & Closing          10-50491

3

4    American Fiber Systems            10-50317

5

6    Americas Servicing Co.            10-50560

7

8    Americlean Building Maintenance Inc.  10-50562

9

10   Angela Barner Inc.                10-50565

11

12   Appraisal Associates of the

13     Treasure Coast Inc.             10-50568

14

15   AppraisalFirst Inc.               10-50572

16

17   Aprimo                            10-50686

18

19   Architectural Installation Atlanta Inc. 10-50320

20

21   Arlington Computer Product         10-50493

22

23   Aspect Software Inc.              10-50323

24

25   AT&T                              10-50705

Exhibit A

Page 35

```
1
2    Atlanta East Cobb Inc.                    10-50305
3
4    Atlanta Metro East Partners LLC           10-50517
5
6    ATLWC LLC                                 10-50306
7
8    Augusta Partners LLC                      10-50309
9
10   B&B Realty LLC                            10-50314
11
12   Ballantyne Market                         10-50325
13
14   Bank of Bartlett                          10-50575
15
16   Bass Family Enterprises Inc.              10-50551
17
18   BB Hunter's Developments                  10-50319
19
20   Bell South                                10-50706
21
22   Bell South Long Distance                  10-50707
23
24   BellSouth Communications                  10-50708
25
```

Page 36

1

2    Belvedere Capital LLC                          10-50329

3

4    Big Bend Realty Jacksonville                   10-50330

5

6    Bloomberg LP                                   10-50336

7

8    Blue Cross Blue Shield of GA                   10-50563

9

10   Bon Appetite Catering LLC                      10-50555

11

12   Booth Research Svc Inc.                        10-50339

13

14   Brayson Family Mortgage LLC                    10-50518

15

16   Broadridge                                     10-50346

17

18   Brooks Systems LLC                             10-50350

19

20   Bueno & Finnick Inc.                           10-50354

21

22   CareerBuilder Inc                              10-50687

23

24   Carolina Hurricanes Hockey Club                10-50308

25

Page 37

1

2   Cary Partners LLC                        10-50315

3

4   CBCINNOVIS Inc.                          10-50497

5

6   CDW Direct                              10-50360

7

8   CE Anderson                             10-50507

9

10  Central Orlando Realty LLC              10-50321

11

12  Century 21 Caruana                      10-50688

13

14  Century 21 City                         10-50548

15

16  Century 21 Tenace Realty                10-50324

17

18  Certified Appraisals                    10-50327

19

20  Charles E. Hawkins                      10-50558

21

22  Charles McGuire                         10-50689

23

24  Chatham Legacy LLC                      10-50332

25

Exhibit A

Page 38

| | | |
|---|---|---|
| 1 | | |
| 2 | CheckFree Services Corporation | 10-50335 |
| 3 | | |
| 4 | Cingular Wireless | 10-50697 |
| 5 | | |
| 6 | Cohber Press Inc. | 10-50340 |
| 7 | | |
| 8 | Coldwell Banker Cascade | 10-50349 |
| 9 | | |
| 10 | Community Partners LLC | 10-50353 |
| 11 | | |
| 12 | Compass Display Group | 10-50564 |
| 13 | | |
| 14 | Cornerstone Appraisals Inc. | 10-50358 |
| 15 | | |
| 16 | Corporate Chaplains of America | 10-50363 |
| 17 | | |
| 18 | CP Morgan | 10-50304 |
| 19 | | |
| 20 | Crabtree Partners LLC | 10-50365 |
| 21 | | |
| 22 | Crosswinds at Amelia | 10-50521 |
| 23 | | |
| 24 | Crosswinds at Palencia | 10-50523 |
| 25 | | |

Page 39

1

2  Crosswinds at Partin Settlement          10-50529

3

4  Crosswinds at Village Loft               10-50526

5

6  Daniel Fries & Associates                10-50474

7

8  Data Insights Inc.                       10-50476

9

10  David Welch Services                     10-50302

11

12  Dawson Cherokee Capital LLC              10-50567

13

14  Dawsonville Realty Group LLC             10-50569

15

16  DeKalb County Dept of Finance            10-50307

17

18  Dimension Data                           10-50311

19

20  DocFly LLC                               10-50312

21

22  Douglasville Development LLC             10-50531

23

24  DS Murphy & Associates Inc.              10-50464

25

Exhibit A

Page 40

```
 1
 2   DS Murphy & Associates of Florida      10-50467
 3
 4   DS Murphy & Associates of
 5      North Carolina                      10-50470
 6
 7   Duffey Appraisals Inc.                 10-50316
 8
 9   Duke Realty Limited Partnership        10-50318
10
11   Eagle Realty LLC                       10-50322
12
13   Eagles Landing Appraisal               10-50533
14
15   Emily Drews                            10-50326
16
17   F & D Holdings LLC                     10-50571
18
19   Facilitec                              10-50453
20
21   Fairview Plaza Associates              10-50457
22
23   Family Support Registry                10-50574
24
25   Fannie Mae                             10-50701
```

Exhibit A

Page 41

1

2   Federal National Mortgage Association   10-50700

3

4   Fiberlink Communications   10-50459

5

6   Financial Industry Computer

7      Systems, Inc.   10-50576

8

9   First American Credco, Inc.   10-50539

10

11   First American Field Services   10-50512

12

13   First American Flood Data   10-50460

14

15   Fiserv/Imagesoft   10-50553

16

17   FLC LLC   10-50328

18

19   Fortney & Scott LLC   10-50461

20

21   Franzen & Salzano PC   10-50463

22

23   Freddie Mac   10-50702

24

25   FTS Real Estate Appraisers   10-50333

Exhibit A

Page 42

1

2    Garnik                                      10-50468

3

4    Georgia Power                               10-50690

5

6    Georgia Southern Real Estate Group LLC  10-50469

7

8    Global Knowledge Software                  10-50478

9

10   GN Enterprises LLC                         10-50466

11

12   Greg Sepanski                              10-50481

13

14   Gryphon Investments                        10-50691

15

16   Gulf Coast Appraisal & Associates Inc.  10-50513

17

18   Gulf Coast Realty Seminole                 10-50483

19

20   Hasler Financial Services                  10-50418

21

22   Henderson Appraisal Company                10-50419

23

24   High & Associates                          10-50570

25

Exhibit A

Page 43

1

2    Holt Lee Construction Inc.              10-50420

3

4    Image Properties                        10-50423

5

6    Information Access Management           10-50425

7

8    Ingle Courier Service                   10-50573

9

10   Innovative Architects                   10-50471

11

12   Insight Global Inc                      10-50692

13

14   InterCall                               10-50535

15

16   Interlsland Mortgage Corp.              10-50426

17

18   Inter-Tel Leasing Inc.                  10-50428

19

20   Interthinx                              10-50430

21

22   ITP Realty LLC                          10-50421

23

24   Jackson Lewis LLP                       10-50542

25

Page 44

```
 1
 2    Jacksonville Concourse              10-50540
 3
 4    James N. Barber                     10-50577
 5
 6    Jeffrey Campion                     10-50578
 7
 8    JMK LLC                             10-50694
 9
10    Jocelyn Stripling                   10-50433
11
12    Johnson & Manning Five Star
13        Properties, Inc.                10-50580
14
15    Kent W. Colton                      10-50437
16
17    Kevin Finneran                      10-50441
18
19    King & Spalding                     10-50442
20
21    Knox Sports Marketing               10-50475
22
23    Lake Norman Cornelius               10-50544
24
25    Lake Wylie Market Center            10-50516
```

Exhibit A

Page 45

1

2   Lakeshore Appraisals Inc.                    10-50424

3

4   Landmark Realty of Bloomingdale

5      at Fish Hawk Inc.                         10-50427

6   Landmark Realty of Brandon                   10-50503

7

8   Landmark Realty of South Tampa               10-50520

9

10  Lang Realty                                  10-50505

11

12  Lanier Partners LLC                          10-50429

13

14  Larry Marchant Productions                   10-50545

15

16  Laser Life                                   10-50432

17

18  Legacy Village                               10-50582

19

20  Lifestyles Realty LLC                        10-50435

21

22  LSI Financial Company                        10-50422

23

24  Madison Envoy Inc                            10-50584

25

Exhibit A

Page 46

| | | |
|---|---|---|
| 2 | Main Street Associates Inc. | 10-50440 |
| 4 | Masergy Communications Inc. | 10-50506 |
| 6 | MB Appraisal | 10-50508 |
| 8 | McKee Nelson LLP | 10-50450 |
| 10 | McNamara & Company | 10-50455 |
| 12 | MDA Mindbox Inc. | 10-50376 |
| 14 | Metavante Lending Solutions | 10-50488 |
| 16 | Metro Atlanta Chamber of Commerce | 10-50522 |
| 18 | Metro Atlanta LLC | 10-50525 |
| 20 | Microtel Inn & Suites | 10-50693 |
| 22 | MIL Owner LLC | 10-50380 |
| 24 | Mill Creek Forest Partners | 10-50384 |

Exhibit A

Page 47

1

2    Millenia Park One LLC                         10-50390

3

4    Miller Appraisal Group                        10-50394

5

6    Mitchell Morris Dev LLC                       10-50397

7

8    Moody's Economy.com                           10-50412

9

10   Moody's Investor Service                      10-50411

11

12   More Business Solutions                       10-50588

13

14   Mortgage Bankers Association of Georgia 10-50532

15

16   Mortgage Guaranty Insurance                   10-50413

17

18   Mortgage Market Guide LLC                     10-50414

19

20   MRT Westpark LLC                              10-50557

21

22   Muzak Mid Atlantic                            10-50490

23

24   Myriad Solutions Inc.                         10-50415

25

Page 48

```
 1

 2   Nashville Predators                    10-50417

 3

 4   Nationwide Appraisal Service

 5      Corporation                         10-50489

 6

 7   NCP Solutions                          10-50416

 8

 9   NE Prof Partners/Loganville            10-50536

10

11   Neese & Associates Inc                 10-50475

12

13   Neon Zebra LLC                         10-50431

14

15   NetBank Corporation                    10-50434

16

17   Newnan Partners LLC                    10-50436

18

19   Nexgen Appraisal Services              10-50439

20

21   NightGlass Media Group Inc.            10-50492

22

23   North Gwinnett Partners                10-50443

24

25
```

```
 1

 2    Northeast Professional Partners LLC

 3       d/b/a Keller Williams Realty        10-50528

 4

 5    Odell Appraisal Services               10-50594

 6

 7    Olympus Capital Holdings Asia LP       10-50446

 8

 9    Paradise Appraisals                    10-50495

10

11    Paralegal Associates                   10-50452

12

13    PARGAR LLC                             10-50447

14

15    Park Creek Realty                      10-50596

16

17    Parris Wise Integrators Inc.           10-50456

18

19    Partners Realty SW LLC                 10-50369

20

21    Paul E Finnen & Associate              $50,395.00 (sic)

22

23    PBF Appraisals LLC                     10-50494

24

25    PCI Services Inc.                      10-50561
```

Page 50

1

2   Peachtree Rd Realty Associates        10-50374

3

4   Pendergrast & Jones PC                10-50379

5

6   Performance Mastery Institute         10-50509

7

8   Perimeter East Partners               10-50383

9

10  Perimeter Summit Parcel 2

11     Limited Partnership                10-50389

12

13  Phase One - DRP Limited               10-50698

14

15  Phoenix Analytic Services             10-50392

16

17  PJKI LLC                              10-50449

18

19  Platinum Partners North LLC           10-50566

20

21  Premier Atlanta LLC                   10-50399

22

23  Premier Design Homes, Inc.            10-50601

24

25  Pro Technology                        10-50603

Page 51

```
 1
 2   Producers Group I LLC                    10-50402
 3
 4   Professional Appraisals                  10-50405
 5
 6   Professional Center at the Gardens       10-50534
 7
 8   Professional Partners LLC                10-50407
 9
10   Professionals Real Estate of
11      South Florida, LLC, d/b/a Remax
12      Professionals Real Estate            10-50538
13
14   Prolink Inc                              10-50408
15
16   Property Research Services               10-50511
17
18   Pursley Lowery Meeks LLP
19      Attorney at Law                       10-50605
20
21   Quantitative Risk Management             10-50409
22
23   Quantum Homes Inc                        10-50410
24
25   Raleigh Partners LLC                     10-50579
```

Exhibit A

Page 52

1

2   RE Group of Florida LLC                10-50704

3

4   Realsys Restoration Service            10-50370

5

6   Realty Atlanta Midtown LLC             10-50373

7

8   Realty First Atlanta LLC               10-50377

9

10  Realty Grand South LLC                 10-50581

11

12  Realty Professionals Inc               10-50381

13

14  Realty Professionals of Boynton

15     Beach LLC                           10-50385

16

17  Realty Professionals of

18     Ft. Lauderdale LLC                  10-50537

19

20  Remax PowerPro Realty                  10-50695

21

22  Ricky Chastain                         10-50387

23

24  Right Management                       10-50549

25

Exhibit A

Page 53

1

2    Rita M. Rindone                          10-50391

3

4    Road 1 Express, Inc.                     10-50543

5

6    Robert Bare & Assoc.                     10-50462

7

8    Rocky Point Joint Venture                10-50541

9

10   Rondebosch Inc.                          10-50395

11

12   Roswell Realty                           10-50398

13

14   Royal Cup Coffee                         10-50465

15

16   Royal Oaks Building Group                10-50401

17

18   RR Donnelley                             10-50367

19

20   Salary.com Inc                           10-50583

21

22   Sarasota Central Ventures                10-50331

23

24   Sarasota Lakewood Ranch Ventures LLC   10-50500

25

Exhibit A

Page 54

1

2   Sarasota South Ventures LLC            10-50585

3

4   SAS Institute Inc.                     10-50403

5

6   Scott E. Wilkinson & Associates       10-50334

7

8   Select Partners LLC                    10-50338

9

10  Seward & Kissel LLP                    10-50341

11

12  Shops at East View                     10-50344

13

14  Silverpop Systems Inc.                 10-50347

15

16  Smart Numbers                          10-50352

17

18  SMGII LLC Summit Marketing             10-50498

19

20  SNG Enterprises LLC                    10-50586

21

22  SOBRO Catering                         10-50589

23

24  Source One Direct                      10-50356

25

Page 55

1

2   South Cobb RE Partners                    10-50502

3

4   South Forsyth Partners LLC                10-50546

5

6   Southeast Business Product                10-50504

7

8   Southwest Orlando Realty LLC              10-50547

9

10  Spohntown Corp.                           10-50357

11

12  Stamps.com Inc.                           10-50550

13

14  Standard Office Systems                   10-50337

15

16  Starrit Appraisal Group                   10-50496

17

18  State Home Mortgage                       10-50591

19

20  Staybridge Suites by Holiday Inn          10-50342

21

22  Steed Enterprises, Inc. d/b/a RE/MAX

23     Around Atlanta, Marietta West          10-50515

24

25  Stockbridge Partners LLC                  10-50345

Page 56

| | | |
|---|---|---|
| 2 | Strategic Staffing Solutions | 10-50587 |
| 4 | Stuart Hospitality | 10-50590 |
| 6 | Sunland Construction Inc | 10-50696 |
| 8 | Syntes Language Group Inc | 10-50593 |
| 10 | TalentMine LLC | 10-50348 |
| 12 | Talx Corporation | 10-50351 |
| 14 | Tampa Bay Buccaneers | 10-50510 |
| 16 | Tandus Inc. | 10-50355 |
| 18 | Tax Verification Bureau | 10-50359 |
| 20 | TBR II Development LLC | 10-50362 |
| 22 | Teachers Insurance and Annuity | 10-50364 |
| 24 | The Appraisal Company | 10-50499 |

Exhibit A

Page 57

| | | |
|---|---|---|
| 1 | | |
| 2 | The Benchmark Group Inc. | 10-50501 |
| 3 | | |
| 4 | The EPI Companies | 10-50552 |
| 5 | | |
| 6 | The Hofer Appraisal Group | 10-50366 |
| 7 | | |
| 8 | The Newport Group Inc | 10-50368 |
| 9 | | |
| 10 | The Realty Group | 10-50371 |
| 11 | | |
| 12 | The Thomas Law Group PA | 10-50595 |
| 13 | | |
| 14 | The Wiley Group | 10-50375 |
| 15 | | |
| 16 | Thomas Financial Corp | 10-50556 |
| 17 | | |
| 18 | Towne Center Park LLC | 10-50378 |
| 19 | | |
| 20 | Tracy Tyler | 10-50382 |
| 21 | | |
| 22 | Tri-Best Building Services | 10-50388 |
| 23 | | |
| 24 | Tripp Trademark Homes | 10-50597 |
| 25 | | |

Page 58

1

2   U.S. Department of Housing and

3      Urban Development                    10-50703

4

5   UCM/Proventure - Synergy Business

6      Park LLC                            10-50393

7

8   Union Co Market Center LLC             10-50396

9

10  United Parcel Service                  10-50400

11

12  University Center Market Center

13     d/b/a Keller Williams University    10-50519

14

15  US Communications                      10-50404

16

17  US Express Leasing Inc.                10-50524

18

19  US LEC Corp                            10-50406

20

21  Victoria Homes LLC                     10-50599

22

23  Vigilar Inc                            10-50600

24

25  Viking Sparks Ibg                      10-50438

Page 59

```
 1

 2    Vision Service Plan                      10-50444

 3

 4    Weitzer/Kislak Sawgrass LLLP             10-50445

 5

 6    Weston International Real Estate          10-50448

 7

 8    WhiteHall Quality Homes                  10-50602

 9

10    Williams Schifino Mangione Steady

11       Attorney at Law                        10-50604

12

13    Winfield & Associates Inc. T/A

14       Amerivest Realty                       10-50527

15

16    Winmark Capital Corporation              10-50451

17

18    Winwin Charlotte Partners                10-50479

19

20    Wonderlic Inc.                           10-50482

21

22    Woodside Greyhawk LLC                    10-50606

23

24    Woodside Homes of Florida                10-50454

25
```

Exhibit A

Page 60

```
 1

 2    Wright Appraisal Services              10-50484

 3

 4    WXIA-TV                                10-50608

 5

 6    York Simpson Underwood                 10-50458

 7

 8    ZL Metz Homes LLC                      10-50554

 9

10    INSIDERS

11    N.J. Paul Lopez                        10-50721

12

13    Patrick S. Flood                       10-50720

14

15    David C. Aiken                         10-50722

16

17

18

19

20

21

22

23

24

25
```

Exhibit B

Page 61

| | DEFENDANT NAME | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| 1 | | |
| 2 | DEFENDANT NAME | ADVERSARY PROCEEDING NUMBER |
| 3 | | |
| 4 | ATL Lakeside | 10-50619 |
| 5 | | |
| 6 | Adtech Global Solutions | 10-50620 |
| 7 | | |
| 8 | Alston & Bird, LLP | 10-50621 |
| 9 | | |
| 10 | American Realty Professionals | 10-50684 |
| 11 | | |
| 12 | Bank of Oklahoma | 10-50622 |
| 13 | | |
| 14 | Bear Stearns Financial Products | 10-50623 |
| 15 | | |
| 16 | CA Inc | 10-50683 |
| 17 | | |
| 18 | CIT Technology Financial Services | 10-50624 |
| 19 | | |
| 20 | CitiBank New York | 10-50625 |
| 21 | | |
| 22 | CitiMortgage | 10-50682 |
| 23 | | |
| 24 | CitiMortgage Master Servicing | 10-50626 |
| 25 | | |

Exhibit B

Page 62

| | | |
|---|---|---|
| 1 | | |
| 2 | Citibank Lockbox | 10-50627 |
| 3 | | |
| 4 | Citrix Systems, Inc. | 10-50628 |
| 5 | | |
| 6 | CMI-Citi Mortgage Correspondent Lending | 10-50629 |
| 7 | | |
| 8 | ComputerShare Investor Services | 10-50630 |
| 9 | | |
| 10 | Countrywide | 10-50631 |
| 11 | | |
| 12 | Countrywide Home Loans | 10-50632 |
| 13 | | |
| 14 | Countrywide Securities Corporation | 10-50633 |
| 15 | | |
| 16 | Credit Suisse First Boston | 10-50681 |
| 17 | | |
| 18 | Credit Suisse Securities (USA) LLC | 10-50634 |
| 19 | | |
| 20 | Deloitte and Touche | 10-50635 |
| 21 | | |
| 22 | Derivative Solutions, Inc. | 10-50636 |
| 23 | | |
| 24 | Ernst & Young | 10-50637 |
| 25 | | |

Page 63

1

2   EMC Mortgage Corporation                   10-50638

3

4   Ernst & Young LLP                          10-50639

5

6   Florida Power & Light Company              10-50640

7

8   GE Capital                                 10-50641

9

10  GE Mortgage Insurance                      10-50642

11

12  GE Technology Finance                      10-50643

13

14  GMAC RFC Receivables                       10-50644

15

16  GMAC RFC                                   10-50645

17

18  GMR Real Estate, Inc.                      10-50646

19

20  General American Life Insurance Co.        10-50680

21

22  GenWorth Mortgage Insurance                10-50647

23

24  Hartford Life                              10-50648

25

Page 64

```
1
2   Home Depot                          10-50649
3
4   Innovative Service Technology       10-50650
5
6   Integra                             10-50679
7
8   Internap Network Services           10-50651
9
10  Iron Mountain                       10-50652
11
12  Marsh, Inc.                         10-50653
13
14  Mayer Brown Rowe & Maw, LLP         10-50654
15
16  Mellon Bank NA                      10-50655
17
18  Metropolitan Life Insurance         10-50656
19
20  Monster, Inc.                       10-50678
21
22  NYSE Market Inc.                    10-50717
23
24  NetASPx Inc.                        10-50657
25
```

Page 65

```
 1
 2   One Sarasota Tower Inc.                        10-50659
 3
 4   Premium Assignment Corp.                       10-50660
 5
 6   RBS Greenwich Capital                          10-50661
 7
 8   Reliance Trust Company                         10-50662
 9
10   Republic Mortgage Ins Co.                      10-50676
11
12   Sprint                                         10-50663
13
14   The Yield Book, Inc.                           10-50664
15
16   Thomson Financial                              10-50716
17
18   TransUnion Settlement Solutions, Inc.  10-50675
19
20   US Bancorp                                     10-50666
21
22   Wachovia Insurance Service                     10-50667
23
24   Wells Fargo Bank NA                            10-50669
25
```

Page 66

1

2  Wells Fargo Financial                    10-50670

3

4  Wolters Kluwer Financial Services        10-50671

5

6  James B. Witherow                        10-50715

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 67

1

2                    C E R T I F I C a T I O N

3

4    I, Miriam Greenman, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    _____

8    MIRIAM GREENMAN

9    Veritext

10   200 Old Country Road

11   Suite 580

12   Mineola, NY 11501

13

14   Date:  November 17, 2010

15

16

17

18

19

20

21

22

23

24

25